UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALLEN ANCAR (#299054)**                                             **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                             **17-913-JWD-RLB**

RULING AND ORDER

Before the Court is the Motion for Summary Judgment filed on behalf of remaining defendants Barrett Boeker and Ray Vitorrio (R. Doc. 148). The Motion is opposed. *See* R. Doc. 150.

*Pro se* plaintiff, Allen Ancar, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against defendants James LeBlanc, Darryl Vannoy, Barrett Boeker, Ray Vittorio, Butch Browning, and Jimmy Guidry alleging that he is being subjected unconstitutional conditions of confinement.[1] Defendants Boeker and Vitorrio now move for summary judgment relying upon the pleadings, a Statement of Uncontested Facts, the affidavit of Delshadee Scott, certified copies of the plaintiff's administrative remedy proceedings, and a certified copy of Directive No. 140.006 Administrative Remedy Procedure. The plaintiff opposes the instant Motion relying upon the pleadings, a Statement of Contested and Uncontested Facts, a copy of correspondence to James LeBlanc, a copy of §325 Administrative Remedy Procedure, and a copy of a document titled "Maint. Log L. Phillips."

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

---

[1] The plaintiff's claims against defendants LeBlanc, Vannoy, Browning and Guidry were previously dismissed. *See* R. Docs. 81 and 83.

judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

The plaintiff's remaining claims pertain to the failure to alleviate an unsafe condition. More specifically, the alleged failure to remedy standing water in the showers and other areas which allegedly caused the plaintiff to suffer from fungal infections. The defendants assert that the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. A review of the record reveals that on April 10, 2017 the plaintiff filed a Request for Administrative Remedy Procedure ("LSP-2017-0826") regarding the claims presented herein. On May 10, 2017

this grievance was rejected during the screening process "due to it being that the volume is too great." *See* R. Doc. 148-5, p. 3. It is undisputed that the plaintiff's grievance never progressed past the screening stage. However, the plaintiff argues that administrative remedies were unavailable to him because one section of the procedure is contradictory and confusing[2].

The Supreme Court has provided an overarching framework for evaluating the "availability" of administrative remedies in *Ross v. Blake*, 136 S.Ct. 1850. In *Ross*, the Court rejected the Fourth Circuit's attempt to create a "special circumstances" exception to the PLRA's exhaustion requirement. 136 S. Ct. at 1856. However, the Court remanded the prisoner's claim to be re-analyzed under the "availability" doctrine, which was based in the PLRA's "own, textual exception to mandatory exhaustion." *Id*. at 1858. The Court's explanation of that doctrine in *Ross* is at the heart of the dispute between the parties to the instant matter:

> Building on our own and lower courts' decisions, we note as relevant here three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief. Given prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise. But when one (or more) does, an inmate's duty to exhaust "available" remedies does not come into play.

*Id.* at 1859 (internal citations omitted). The Court then enumerated three circumstances in which administrative remedies were unavailable: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes... incapable of use... [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison

---

[2] The plaintiff also argues that Trish Foster and others misrepresented the applicability of this provision to his grievance because his grievance did not lack clarity as one of the issues he complained of was attempted to be remedied 8 days after his grievance was filed. The plaintiff offers nothing other than his own belief that these events are connected, and that Trish Foster or others intended to mislead him in order to prohibit him from using the administrative remedy procedure. The record reveals that Trish Foster informed the plaintiff his grievance was denied due to length, not lack of clarity. As such, plaintiff has failed to meet his burden in demonstrating the unavailability of administrative review in this regard.

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

The plaintiff asserts that 22 La. ADC, Part I, § 325(G)(1)(a)(iii) is contradictory and confusing. The provision reads as follow:

> "Original letters or requests to the Warden should be as brief as possible. Offenders should present as many facts as possible to answer all questions (who, what, when, where, and how) concerning the incident. If a request is unclear or the volume of attached material is too great, it may be rejected and returned to the offender with a request for clarity or summarization on one additional page. The deadline for this request begins on the date the resubmission is received in the Warden's office."

The plaintiff takes issue with the lack of a specified page limitation while also requiring inmates to present as many facts as possible, and with the meaning of "attached material." While the foregoing provision is somewhat vague, it is not so confusing such that no inmate can discern it. Clarity and brevity are required for grievances. If a grievance is unclear or too long it is subject to rejection, but the inmate may resubmit the grievance to make his claims clearer or to summarize his claims in one page.

In the instant matter, the plaintiff's grievance was rejected and returned to him with a copy of a document titled, "Chapter 3 Initiating a Formal Grievance." There is a hand drawn asterisk next to section C which reads the same as 22 La. ADC, Part I, § 325(G)(1)(a)(iii). When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion. *Ross v. Blake*, 136 S.Ct. at 1859. The plaintiff herein did not err on the side of exhaustion. Rather than resubmitting his grievance in a shortened form, he elected to skip the First Step of the grievance procedure and attempted to proceed to the Second Step by forwarding correspondence to James LeBlanc. *See* R. Doc. 150-2, p. 1. Nothing in the records demonstrates that his correspondence was accepted by LeBlanc for review at the Second Step.

The plaintiff failed to complete the prescribed administrative remedy procedure and his grievance never progressed past the initial screening phase.  As such, the plaintiff failed to exhaust his administrative remedies available to him prior to filing suit as required by 42 U.S.C. § 1997e, and this Court has no authority to excuse his failure to exhaust.  *Ross v. Blake*, 136 S.Ct. at 1856.   Accordingly,

**IT IS ORDERED** that  the defendants' Motion for Summary Judgment (R. Doc. 148) be granted and the plaintiffs' claims be dismissed, with prejudice[3], for failure to exhaust administrative remedies.  Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on June 17, 2021.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer available dismissal may be with prejudice.  *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) (modifying district court's judgment to dismiss without prejudice for failure to exhaust administrative remedies to a dismissal with prejudice since "exhaustion of administrative remedies [wa]s too late for the claims.").